JULIA LONGA, ADMINISTRATRIX, v. STANLEY HOD ELEVATOR COMPANY AND ALEXANDER WHAN.

Submitted December 5, 1902—Decided February 24, 1903.

A servant of Whan, while in a safe position and free from danger, in doing his master's work, at the request of the engineer of the elevator company, which was engaged in an independent employment, over which Whan had no control, attempted to loosen the elevator which had stuck fast, and while so doing was killed. *Held*—

(1) That Whan is not liable, as the accident did not happen while decedent was engaged in serving him.

(2) That the elevator company is not liable. If the engineer had authority to employ the decedent, they were fellow-servants. If he had no such authority the decedent was a mere volunteer. The danger was also obvious.

---

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *James F. Minturn.*

For the defendants, *Wallis, Edwards & Bumsted.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a suit by the administratrix of an employe of the defendant Whan against both Whan and

the Stanley Hod Elevator Company to recover damages under the Death act. The servant was killed by the falling of the hod elevator.

Whan was engaged in erecting a five-story brick storehouse.

Whan employed the elevator company at $10.50 per day to raise up the hods from the ground below to a platform provided by Whan, on which the decedent's duty was to stand and take the hods out of the elevator when they were brought up. The elevator company exercised an independent employment and furnished its own engineer, over whom Whan exercised no control.

The decedent, as the servant of Whan, was not employed to run or to assist in running or controlling the elevator.

The engagement of the elevator company required it to deliver the hods at the level of the platform, on which the decedent was placed, which it is not denied was a secure position for doing his master's work.

During the day on which the accident occurred, the elevator stuck fast at the third story, where decedent stood.

The engineer of the elevator company called to Whan's servant to assist in getting the elevator free, and while he was so engaged the elevator fell and killed him. The deceased assisted in striking the elevator with joists, then jumped on it with four or five other men, which caused it to fall suddenly.

The decedent was not in that respect acting as the servant of Whan, and Whan is no more liable for the injury than if the servant, without his authority or consent, had gone across the street to another building and been there killed by the negligence of some other contractor.

Whan furnished the decedent a safe place for his work, and while he was engaged in doing his master's work he was in no peril.

The question remains whether the other defendant is liable in damages.

If the engineer of the elevator company had authority to employ the decedent to assist him in loosing the elevator, then

he was a fellow-servant of the engineer and the plaintiff cannot recover.

If the engineer had no such authority from his employer, then the decedent was a mere volunteer and the company is without liability.

It is also to be observed that the decedent was guilty of want of care for his own safety in placing himself in a position of obvious danger in the elevator.

A nonsuit was properly directed by the trial court as to both defendants.

The judgment below should be affirmed.